UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :
MAMADOU SANOUSSY DIALLO,                                   :
                                                          :
                          Petitioner,                     :
                    -v-                                   :        26-CV-3364
                                                          :
TODD LYONS, *Acting Director, U.S. Immigration*  :        **ORDER GRANTING**
*and Customs Enforcement*; MARKWAYNE             :        **PETITION**
MULLINS, *in his official capacity as Secretary of*  :    **FOR WRIT OF**
*the United States Department of Homeland*       :        **HABEAS CORPUS**
*Security*; TODD BLANCHE, *in his official*       :
*capacity as Attorney General, US Department of*  :
*Justice*; RAUL MALDONADO, JR, *Warden,*          :
*Metropolitan Detention Center, Brooklyn New*     :
*York*,                                           :
                                                          :
                          Respondents.                    :
                                                          :
------------------------------------------------------------------------X

**NINA R. MORRISON**, United States District Judge:

Petitioner Mamadou Sanoussy Diallo — a 26-year-old Guinean national who

came to the United States seeking political asylum in 2023 — filed the instant

Petition for Writ of Habeas Corpus on June 4, 2026. ECF No. 1. At the time the

Petition was filed, Diallo had been incarcerated at the Metropolitan Detention

Center ("MDC") for nearly six weeks.

On June 22, 2026, the Court granted Petitioner's motion for Temporary

Restraining Order ("TRO") and directed that Respondents immediately release

Diallo from custody. *Diallo v. Lyons*, No. 26-CV-3364, 2026 WL 1791494 (E.D.N.Y.

June 22, 2026). The Court also issued an Order to Show Cause ("OTSC"), directing

Respondents to explain "(1) why the Court should not issue a preliminary injunction

1

enjoining Respondents from re-detaining Petitioner during the pendency of this Court's consideration of the Petition and (2) why the Petition for Writ of Habeas Corpus should not be granted." *See id.* at *12.

Respondents submitted a letter in response on July 7, 2026, stating that they "no longer seek to contest the relief sought in the writ and agree not to re-detain Petitioner absent compliance with the appropriate regulatory provisions, unless they obtain prior leave of this Court to do so." ECF No. 16.

In light of the record, the applicable law, and Respondents' representation that they no longer seek to contest the relief sought in the writ, the Petition is granted. In so doing, the Court adheres to the preliminary findings contained in its June 22, 2026 opinion and order, namely that: (1) the Court has jurisdiction over the Petition for Writ of Habeas Corpus because it does not amount to a challenge to a final order of removal, *see Diallo*, 2026 WL 1791494, at *4–6; (2) that Respondents lacked the statutory authority to arrest Petitioner in April 2026, *see id.* at *8–10; and (3) Petitioner's arrest — which was done without the required notice or statutory basis — violated his Fifth Amendment right to due process, *see id.* at *10–11. The Court further concludes that granting the writ (which Respondents no longer contest) is an appropriate remedy for the procedural due process deprivations Petitioner experienced.

Accordingly, it is hereby:

**ORDERED** that the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 is **GRANTED.**

**IT IS FURTHER ORDERED** that Respondents are **ENJOINED** from re-detaining Petitioner absent compliance with the appropriate regulatory provisions, unless they obtain prior authorization of this Court to do so.

**SO ORDERED.**

Dated:  July 21, 2026
       Brooklyn, New York

_/s/ Nina R. Morrison_
Nina R. Morrison
United States District Judge